## Henry Gross v. Fred Schroeder.

**1.** Landlord and Tenant—*Right of Landlord to Distrain.*—The evidence in this case clearly establishes that appellee removed, without his landlord's consent, a sufficient portion of the crops raised on the demised premises to endanger the lien of the landlord, and under the provisions of the statute the landlord was entitled to recover the amount of rent unpaid, by distress proceedings.

**2.** Contracts—*Complete Performance Essential to Recovery in this Case.*—The contract relied upon as a set-off in this case was not severable and appellee could not demand payment of the fifty dollars provided for therein without showing his entire and complete compliance with that contract.

**Distress for Rent.**—Appeal from the Circuit Court of Will County; the Hon. Geo. W. Stipp, Judge, presiding. Heard in this court at the December term, 1896. Reversed and remanded. Opinion filed June 26, 1897.

Haley & O'Donnel, attorneys for appellant.

JOHN W. D'ARCY, attorney for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

Appellant, being the landlord of the appellee, instituted proceedings by distress against the latter in the court below for a balance of rent, and in the distress warrant which stands as the declaration, it is alleged in substance that the tenant had or was about to remove from the demised premises, such part or portion of the crops raised thereon as would endanger the lien of the landlord upon such crops for the rent agreed to be paid. It also appears from the evidence that in his attempt to collect rent from the tenant some controversy arose between the landlord and tenant concerning a mutually satisfactory disposition of the crops, that finally terminated in the following written undertaking by the appellant:

"MONEE, ILL., Nov. 19, 1894.

I hereby agree to pay to the order of Fred C. Schroeder the sum of fifty dollars, as soon as he shall have husked the corn and placed the same in crib now standing and partly husked on my farm occupied by the said F. C. Schroeder, and also after he has hauled all the oats grown by him on my farm to and delivered at elevator of G. S. Miller, in Monee, Ill.                                        H. CROSS."

The trial in the Circuit Court was by jury, the verdict being for the defendant. Plaintiff below moved for a new trial, which having been overruled, final judgment was entered from which this appeal was taken.

We are of the opinion the evidence clearly establishes the fact that appellee did, without the consent of his landlord, remove and sell such part or portion of the crops raised on the demised premises as did endanger the lien of the appellant for the rent agreed to be paid. The testimony of appellee himself proves this fact, and under the provisions of the statute the appellant was entitled to recover the amount of rent admitted to be unpaid. In this respect we think the verdict was against the evidence in the case, and a new trial should have been awarded.

The court on its own motion gave to the jury the following instruction, based upon the undertaking above quoted:

" The court instructs the jury that the defendant can not be allowed the alleged set-off of $50 unless he has shown by the evidence that he fully complied with the terms of the agreement by which he was to receive said $50; that is, husk the corn then partly husked and haul all the oats raised upon said farm of plaintiff for the year 1894, but the jury may allow to the defendant such proportion of said $50 as the evidence shows the defendant has performed of the work named in said contract, and which the plaintiff has received the benefit of, if the evidence shows any such."

This instruction we think is contradictory in its terms; the first part of it correctly states the law as we understand it, but the last part is opposed to the first and nullifies it. If the appellee could not be allowed the $50 unless he fully complied with the terms of his agreement, as we think he was bound to do, and as the instruction correctly stated, it is difficult to see how he could be allowed a part of the $50 for an incomplete performance of the contract, as the instruction also clearly informs the jury.

For the errors indicated, the judgment of the Circuit Court will be reversed and the cause remanded.